IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DENNIS G. BAILEY, et al., | § | |
| | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIAM "BILL" BUCK, PETROX | § | CASE NO. 2:09-CV-166-TJW-CE |
| ENERGY CORPORATION, ENMARK | § | |
| ENERGY, LLC, JOHN L. HARVEY, | § | |
| HARCO TEXAS, LLC, d/b/a HARCO | § | |
| TEXAS, HARCO EXPLORATION, FIVE | § | |
| STAR EXPLORATION, LLC, JAMES | § | |
| FISCHER, ALAN K. JASPER, SCOTT | § | |
| HEAPE, and MIDWAY EXPLORATION, | § | |
| LLC, | § | |
| | § | |
|     *Defendants.* | § | |
| | § | |

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.

Before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint filed by defendants John Harvey, Harco Texas, LLC, Harco Exploration, Five Star Exploration, James Fischer, Alan Jasper, Scott Heape, and Midway Exploration (collectively, the "Moving Defendants"). (Dkt. No. 17.) Also before the Court is a Motion filed by defendants William G. Buck, Petrox Energy Corporation, and Enmark, LLC (collectively, the "Jointly Moving Defendants") that also seeks to dismiss Plaintiffs' First Amended Complaint on the same basis as the motion filed by the Moving Defendants. (Dkt. No. 37.) Oral argument was heard on these Motions on November 23, 2009. Having considered the Motions, the issues presented, and the applicable law, the undersigned recommends that the Motions (Dkt. Nos. 17 and 37) should be

DENIED as described herein. Also before the Court is Plaintiffs' Motion for leave to file its Second Amended Complaint. (Dkt. No. 54.) For the reasons stated herein, the Court hereby GRANTS Plaintiffs' Motion.

## I. BACKGROUND

The Plaintiffs in this lawsuit are individual investors located throughout the United States that bought "units" in two related oil and gas ventures located in Leon County, Texas (the "Joint Ventures") from defendants Bill Buck and Petrox Energy Corporation. Between 2002 and 2005, each of the individual Plaintiffs invested between $6,250 and $90,000 in these Joint Ventures. Plaintiffs allege that the assets of the Joint Ventures were transferred to defendant Enmark Energy, LLC, and that in August 2006, a major portion of the Joint Ventures' assets were then transferred to the Moving Defendants. Plaintiffs allege that, as a result of these fraudulent manipulations and transfers of the assets of the Joint Ventures, Plaintiffs' investments have become worthless. The First Amended Complaint alleges both federal and state law claims against the Moving Defendants and the Jointly Moving Defendants.

Regarding the federal law claims, the Plaintiffs allege in the First Amended Complaint that the Moving Defendants and the Jointly Moving Defendants have violated the Securities Exchange Act of 1934. The Moving Defendants argue that the complaint fails to sufficiently plead a securities fraud claim and that it should be dismissed accordingly. During oral argument, counsel for Plaintiffs conceded that the securities fraud claims against the Moving Defendants should be withdrawn and stated that Plaintiffs had filed a motion seeking leave to file a Second Amended Complaint (*see* Dkt. No. 54) that withdrew the federal claims against the Moving Defendants. The Second Amended Complaint does not add any new causes of action, but merely withdraws the disputed securities fraud allegations against the Moving Defendants. (*See* Dkt. Nos. 54 and 55.)

The Court hereby GRANTS Plaintiffs' motion for leave to file its Second Amended Complaint. Because the Plaintiffs have conceded that the federal claims asserted against the Moving Defendants should be removed and that the Second Amended Complaint has withdrawn any federal claims of securities fraud against the Moving Defendants, the undersigned recommends DENYING AS MOOT the portion of the Moving Defendants' Motion (*see* Dkt. No. 17) regarding the federal claims.

Regarding the state law claims, the Plaintiffs make the same allegations in both the First Amended Complaint and the Second Amended Complaint. Against the Moving Defendants, the Plaintiffs allege the state law claims of interference with contractual relations, conspiracy to interfere with contractual relations, unjust enrichment, and constructive trust. Against the Jointly Moving Defendants Buck and Petrox, the Plaintiffs allege the state law claims of breach of contract, common law fraud, breach of fiduciary duties, unjust enrichment, rescission, and constructive trust. The Moving Defendants argue that all of the state law claims asserted against them have a two-year limitations period, and thus the statute of limitations bars Plaintiffs' state law claims. The Plaintiffs do not dispute that the state law claims have a two-year limitations period, but contend that under the discovery rule, Plaintiffs brought these claims within the time allowed by the statute of limitations. The Plaintiffs plead the discovery rule in Paragraph 15 of the First Amended Complaint and the Second Amended Complaint as follows:

> Plaintiffs' claims are not barred by any statutes of limitations because the claims were either timely filed or were filed within two years following the discovery of the facts giving rise to the causes of action alleged herein. The agreements between the Defendants could not have been discovered without the disclosure of the documents evidencing the arrangements between them. These documents were disclosed in discovery in a related case, filed by Randal Clayton May, in the summer or fall of 2007, and were not discovered by these plaintiffs until late in 2008. Accordingly, all claims were filed within the time allowed by the statute of limitations.

Thus, the primary dispute between the parties, and that which the report addresses, is whether the discovery rule applies in this case and when the period of limitations accrues.

## II. LEGAL STANDARD

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The legal standard for dismissing claims under FED. R. CIV. P. 12 ("Rule 12") is well established. Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may not rely on "conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The factual allegations must be sufficient to raise a "right to relief above the speculative level." *Id.* The Court must assume that the allegations in the complaint are true. *See id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

## III. DISCUSSION

The Moving Defendants argue that Texas' two-year statute of limitations bars Plaintiffs' state law claims asserted against them. Against the Moving Defendants, the Plaintiffs allege the state law claims of interference with contractual relations, conspiracy to interfere with contractual relations, unjust enrichment, and constructive trust. The Moving Defendants argue that the Plaintiffs base their claims on two documents, incorporated by reference in the complaint, allegedly executed in August 2006. The Moving Defendants argue that these documents were filed in the real estate records of Leon County, Texas in September 2006—more than two years before the filing of this lawsuit. They argue that the limitations clock started when the Plaintiffs knew or should have known of their injury, which in this case occurred in August 2006, and when documents constituting that injury were publicly filed in September 2006. They argue that the discovery rule requires the Plaintiffs to affirmatively seek information about their injuries and their likely causes once apprised of facts that would make a reasonably diligent person seek information, and that in this case the Plaintiffs did not exercise reasonable diligence. The Moving Defendants argue that the discovery rule tolls the limitations period only when the nature of the injury was "inherently undiscoverable." *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886-87 (Tex. 1998). The Moving Defendants argue that the Plaintiffs' injuries were not "inherently undiscoverable" and that the Plaintiffs had some obligation to exercise reasonable diligence in protecting their interests. They argue that contracting parties, such as the Plaintiffs, must conduct some due diligence to protect their interests, such as asking the contracting party to verify its performance and checking on the mineral interests underlying the joint ventures. Thus, because the Plaintiffs did not exercise due diligence in checking the Leon County property records, the Moving Defendants argue that the discovery rule is not applicable and did not toll limitations.

Therefore, the limitations period expired in 2008 for each of the Plaintiffs' claims, according to the Moving Defendants. The Moving Defendants further argue that the existence of a fiduciary relationship does not change the rule that diligence in discovering the breach of fiduciary duty or fraud is required and that Plaintiffs cite no authority that a fiduciary relationship with Buck and Petrox somehow tolls limitations in an action against a third-party.

In response, the Plaintiffs argue that they had no reason to conduct searches of the real property records of Leon County, Texas. The Plaintiffs argue that the "inherent undiscoverability" requirement is substantially more relaxed than the words suggest and that it recognizes that the discovery rule exception should be permitted circumstances where "it is difficult for the injured party to learn of the negligent act or omission." *See Computer Assocs. Int'l, Inc. v. Altai*, 918 S.W.2d 453, 456 (Tex. 1996). The Plaintiffs argue that there are numerous situations where constructive notice of publicly filed records will not be held to avoid the discovery rule. For example, the existence of a fiduciary relationship is one circumstance in which courts apply the discovery rule. *See id.* Plaintiffs argue that the case at hand is a fiduciary situation where defendants Buck and Petrox owed fiduciary duties to the Plaintiffs and breached them by not disclosing the transactions that are the basis of the lawsuit. Plaintiffs argue that, while there is no breach of fiduciary relationship alleged against the Moving Defendants, the Plaintiffs were entitled to rely upon defendants Buck and Petrox who owed the Plaintiffs a fiduciary duty, and the Plaintiffs would not be expected to make constant searches of the public records to see if their fiduciaries were engaging in wrongful conduct.

The parties do not dispute that the limitations period for the asserted state law causes of action against the Moving Defendants is two years. However, the parties dispute whether the discovery rule applies and when the limitation period begins to run. "A cause of action accrues

when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 355 (5th Cir. 2008) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). Thus, for purposes of limitations, a cause of action accrues when facts come into existence by which a party knows, or should know, that it is entitled to seek a judicial remedy. *See id.*; *see also Sanderson v. Am. Gen. Life & Accident Ins. Co.*, 2004 WL 1746095, at *3 (N.D. Tex. Aug. 2, 2004), *adopted by* 2004 WL 1857360 (N.D. Tex. Aug. 18, 2004). "[T]he discovery rule is an exception to the general rule that a cause of action accrues when a wrongful act causes some legal injury." *TIG Ins.*, 521 F.3d at 357 (citing *S.V.*, 933 S.W.2d at 8). "When applied, the discovery rule 'defer[s] accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action.'" *Id.* (quoting *HECI*, 982 S.W.2d at 886). The Texas Supreme Court has "articulated two unifying principles that generally apply in discovery rule cases. They are that the nature of the injury must be inherently undiscoverable and that the injury itself must be objectively verifiable." *Id.* at 358; *see Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009). "An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence." *S.V.*, 933 S.W.2d at 7; *see Mid States Dev., L.L.C. v. Fidelity Nat'l Title Ins. Co.*, 2001 WL 1172215, at *9 (N.D. Tex. Sept. 28, 2001) ("An injury is inherently undiscoverable if the wrong and the injury were unknown to the plaintiff because of their very nature and not because of any fault of the plaintiff."). "This does not mean that an injury need be 'absolutely impossible to discover, else suit would never be filed.'" *Mid States*, 2001 WL 1172215, at *9 (quoting *S.V.*, 933 S.W.2d at 7).

In Texas, the discovery rule applies to fraud and fraudulent concealment. *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997). "Generally, in a case of fraud the statute of

limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence." *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997); *In re Estate of Herring*, 970 S.W.2d 583, 587 (Tex. App. – Corpus Christi 1998); *Mid States*, 2001 WL 1172215, at *8. Texas courts have also explicitly held that the discovery rule can apply to conspiracy to commit fraud. *Mid States*, 2001 WL 1172215, at *9; *Herring*, 970 S.W.2d at 586. "Similarly, when there has been a breach of fiduciary duty, the statute of limitations does not begin to run until the claimant knew or should have known of facts that in the exercise of reasonable diligence would have led to the discovery of the wrongful act." *Little,* 943 S.W.2d at 420; *see Computer Assocs.*, 918 S.W.2d at 455-56; *TIG*, 521 F.3d at 355-56. The reason that a fiduciary's conduct is inherently undiscoverable "is that a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so." *S.V.*, 933 S.W.2d at 8. While "in the fiduciary context, it may be said that the nature of the injury is presumed to be inherently undiscoverable, . . . a person owed a fiduciary duty has some responsibility to ascertain when an injury occurs." *Computer Assocs.*, 918 S.W.2d at 456.

The undersigned concludes that while the Plaintiffs only assert the cause of action of breach of fiduciary duty against the Jointly Moving Defendants and not the Moving Defendants, the alleged injury in this case is based upon the underlying allegations of fraud and breach of fiduciary duty, particularly as it pertains to the discovery rule. As the Texas Supreme Court has stated, "fraud vitiates whatever it touches." *Id.* at 455-56. Thus, the undersigned finds that Plaintiffs' injuries to be inherently undiscoverable so that the discovery rule applies in this case. The Plaintiffs have alleged that the underlying documents evidencing the transactions were disclosed in discovery in a related case in the summer or fall of 2007 and were not discovered by the Plaintiffs in this case until late in 2008. The Defendants have not shown that the Plaintiffs

<a>should have discovered the allegedly fraudulent transactions that are the basis of this lawsuit by constantly searching the public records of Leon County to see if their fiduciaries were engaging in wrongful conduct. Accordingly, the undersigned finds that the Defendants have not shown that the Plaintiffs' allegations in the complaint are defeated by the statute of limitations. The undersigned recommends that the portion of the Moving Defendants' Motion (Dkt. No. 17) seeking to have Plaintiffs' claims dismissed on the statute of limitations grounds should be DENIED.</a>

The Jointly Moving Defendants provide one page in support of their motion, rely upon and adopt the briefing of the Moving Defendants to support their position, and provide no new substantive arguments, legal authority, or facts.[1] (*See* Dkt. No. 37.) Regarding Plaintiffs' allegations of securities fraud and common fraud, the Jointly Moving Defendants merely state that those causes of action are not pled "with sufficient particularly to satisfy the pleading requirements" and that "it is clear that the statute of limitations has run." In this case, the causes of action against the Jointly Moving Defendants and the Moving Defendants are different and although the underlying facts are related, the asserted claims are different as between the two sets of Defendants. Against the Jointly Moving Defendants Buck and Petrox, the Plaintiffs allege the state law claims of breach of contract, common law fraud, breach of fiduciary duties, unjust enrichment, rescission, and constructive trust, many of which are not asserted against the Moving Defendants. For the Jointly Moving Defendants merely to piggyback the Moving Defendants' brief and provide no substantive application of law or analysis to their particular facts is impermissible in this instance, makes many of the Jointly Moving Defendants' legal arguments

---

[1] Counsel for the Moving Defendants argued on behalf of all the defendants during oral argument on these motions. Counsel for the Jointly Moving Defendants did not argue and stated that counsel for the Moving Defendants sufficiently presented the arguments for all the defendants.

unclear, and provides no substantive opportunity for the Plaintiffs to meaningfully respond to their position. Regarding the securities fraud and common law fraud allegations, the undersigned finds that the Jointly Moving Defendants have not met their burden to show that the Plaintiffs have not properly pled those allegations. As to the statute of limitations argument, and consistent with the undersigned's conclusions as to the causes of action asserted against the Moving Defendants, the undersigned finds that the Jointly Moving Defendants have not met their burden to show that the discovery rule does not apply and that the statute of limitations bars Plaintiffs' claims in this instance. Further, it is not clear whether the Jointly Moving Defendants assert that the statute of limitations has run against some or all of the causes of action asserted against them. Still further, the undersigned notes that some of the causes of action asserted against the Jointly Moving Defendants, e.g., common law fraud and breach of fiduciary duty, have a four year limitations period and such causes of action even would not be barred by the statute of limitations in this instance, even assuming the absence of the discovery rule. Thus, the undersigned recommends DENYING the Jointly Moving Defendants' Motion. (*See* Dkt. No. 37.)

Because the case involves federal causes of action against the Jointly Moving Defendants, the undersigned notes that jurisdiction of this case against all of the defendants can be maintained, particularly when all of the causes of action and underlying facts are so related that they are part of the same case or controversy. *See* 28 U.S.C. § 1367(a); *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004); *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 558 (2005). These claims are so related, and the Court should retain jurisdiction over all claims in this case.

## IV.   CONCLUSION

The undersigned has carefully considered the presented issues, facts, and applicable law. For the reasons described above, the undersigned recommends that Defendants' Motions to

Dismiss (Dkt. Nos. 17 and 37) should be DENIED. Further, the Court hereby GRANTS Plaintiffs' Motion for leave to file its Second Amended Complaint. (Dkt. No. 54.)

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

SIGNED this 30th day of December, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE